IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

JOEL B. SCHOONOVER,

    **Plaintiff,**

v.                                               Civil Action No.  3:05CV95
                                                 (Judge Broadwater)

**DAVID H. WILMOTH, Attorney at Law,**

    **Defendant.**

## REPORT AND RECOMMENDATION/OPINION

### I.  FACTS

On August 15, 2005, the *pro se* plaintiff filed a complaint against the above- named defendant seeking monetary damages for mental anguish and defamation of character "caused by the neglecting and ineffective counseling of Attorney David H. Wilmoth."[1].

According to the plaintiff, Mr. Wilmoth was appointed to represent him in a criminal matter in the Circuit Court of Randolph County involving attempted murder, malicious wounding, wanton endangerment, and brandishing and carrying a deadly weapon without a license. The plaintiff asserts that Mr. Wilmoth provided ineffective assistance of counsel regarding his criminal case. Specifically, the plaintiff alleges Mr. Wilmoth changed the facts concerning the shooting, he refused to get the plaintiff's medical files, and he failed to seek sentencing credit for the plaintiff's pre-trial detention.

---

[1] The action was originally filed in the United States District Court for the Southern District of West Virginia.  By Order entered on August 26, 2005, the case was transferred to this Court.

The plaintiff previously filed a §1983 action against the defendant in this Court which arose out of the same set of facts. (Case no. 2:04cv44). The complaint was denied on September 17, 2004. In fact, the plaintiff acknowledged his prior civil action in his complaint form.

Having screened the plaintiff's complaint in accord with the local rules of this Court and in accord with the provisions of 28 U.S.C.§§ 1915(e)(2) and 1915A,[2] the undersigned concludes that the complaint should be summarily dismissed for failure to state a claim.

## II. ANALYSIS

Pursuant to 28 U.S.C. §1915, an action may be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e).

A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Accordingly, under section 1915(e)(2)(B)(i), a claim based on a merit less legal theory may be dismissed *sua sponte*. See Neitzke v. Williams, 490 U.S. 319 (1989). The court may also dismiss a claim as "factually

---

[2] 28 U.S.C. §1915(e)(2)(B) states:
Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . .
    (B) the action or appeal-
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §1915A which provides, in pertinent part, that:
(a) Screening.–The court shall review...a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) Grounds for dismissal.–On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

frivolous" under section 1915(e) if the facts alleged are clearly baseless.  Denton, 504 U.S. at 32 (1992).  In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor.  Id.

"To avoid dismissal of suit as frivolous, in forma pauperis plaintiffs must meet certain minimum standards of rationality and specificity, and 'fantastic' or 'delusional' claims are insufficient to withstand charge of factual frivolity." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994). Further, an action is malicious when filed with "a wish to vex, annoy, or injure another, or an intent to do a wrongful act, and may consist in direct intention to injure, or in reckless disregard of another's rights." Cain v. Commonwealth of Virginia, 982 F. Supp. 1132, 1136 (E.D.Va.1997).

Additionally, "[c]ourts should not dismiss a complaint for failure to state a claim unless after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Slade v. Hampton Roads Regional Jail, 407 F.3d 243, 248 (4th Cir. 2005)(internal citations omitted).  Further, when dismissing a civil rights complaint for failure to state a claim, the Court "must be especially solicitous of the wrongs alleged and must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." Id. (internal citations omitted).  However, courts are not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences" or "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002)(internal citation

omitted).

If the plaintiff is suing his court appointed counsel pursuant to 42 U.S.C. §1983 his action is barred by the principles of res judicata and collateral estoppel. Moreover, the plaintiff's attorney is not a state actor. Because the United States Constitution does not regulate private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes "state action." See, e.g., Blum v. Yaretsky, 457 U.S. 991, 1002 (1982). "A public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981).

Even if the plaintiff is not bringing this action pursuant to 42 U.S.C. §1983, the complaint should be dismissed because there is no diversity jurisdiction. 28 U.S.C. §1332 (a) provides that the district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds seventy-five thousand dollars ($75,000.00) and is between citizens of different states. The diversity statute, 28 U.S.C. §1332(a), requires ***complete*** diversity of parties. Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372-74 (1978).

Consequently, the undersigned recommends that the complaint be dismissed as being frivolous. The complaint is barred by the principle of res judicata and collateral estoppel, the defendant is not a state actor, and the court has no diversity jurisdiction.

### III. **RECOMMENDATION**

In consideration of the foregoing, it is recommended that the plaintiff's complaint be **dismissed with prejudice** pursuant to 28 U.S.C. §§1915e(2) and 1915A for being frivolous.

Any party may file within ten (10) days of the date of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation/Opinion to the *pro se* plaintiff.

DATED: October 4, 2005

/s *John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE